IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JEANETTE DARLENE BARELA,**

      **Plaintiff,**

      **vs.**                                                                           **13cv270 WJ/RHS**

**CAROLYN W. COLVIN, Acting**
**Commissioner of the Social Security**
**Administration,**

      **Defendant.**

## MAGISTRATE JUDGE'S ANALYSIS AND PROPOSED DISPOSITION

THIS MATTER comes before the Court on Plaintiff Jeanette Darlene Barela's Motion to Reverse and/or Remand for Rehearing and Memorandum in Support (Docs. 20 & 30).  Plaintiff did not file a Reply and instead filed a Notice of Completion of Briefing (Doc. 24).  The Court considered the Motion (Doc. 30), Defendant's Response (Doc. 23), the relevant law, and all of the supporting evidence, and proposes that Plaintiff's Motion be denied.

## CASE HISTORY

Ms. Barela asserts that she became disabled due to back/disc problems, arthritis, fibromyalgia, hernia and a right knee problem (Doc. 8-8 at 29).  She filed her claim for social security disability benefits on May 27, 2009 (Doc. 8-7 at 2).  An Administrative Law Judge (ALJ) held a hearing on May 17, 2011, at which Ms. Barela was represented by counsel (Doc. 8-4 at 2).  The ALJ afforded counsel the opportunity to question Ms. Barela (Doc. 8-4 at 20).  On July 25, 2011, the ALJ issued a written decision that Ms. Barela was not disabled (Doc. 8-3 at 29).  Ms. Barela appealed to the Social Security Administration's Appeals Council, which declined review on January 18, 2013 (Doc. 8-3 at 2).  Ms. Barela filed in this Court on March 21, 2013 (Doc. 1) for review of the ALJ's decision.

## ISSUES FOR REVIEW

This Court reviews the ALJ's decision-making process.  The ALJ is required to review Ms. Barela's case in a sequential five-step process to determine if she is disabled.  20 C.F.R. § 404.1520.  At the first step of the analysis, the ALJ determined that Ms. Barela is not engaged in "substantial gainful activity," 20 C.F.R. § 416.971 (Doc. 8-3 at 23), which was a finding in the claimant's favor and therefore not discussed here.[1]  In the second step, the ALJ considered whether Ms. Barela has a severe medical impairment (20 C.F.R. § 416.920(c)) and found that Ms. Barela does have arthritis in the knees, degenerative disc disease in the lumbar spine, and depression (Doc. 8-3 at 23), and Ms. Barela does not challenge these findings.  For step three, the ALJ concluded that Ms. Barela does not have an impairment that meets or medically equals one of the listed impairments (Doc. 8-3 at 23).  While this conclusion is adverse to Ms. Barela, she does not argue that error occurred, so it is not addressed here.

Prior to step four, the ALJ reviewed Ms. Barela's residual functional capacity and determined that Ms. Barela had the

> residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she can occasionally climb, balance, stoop, and crouch; but she can never kneel or crawl.  She can do simple and some detailed tasks, but lacks concentration to perform complex tasks.

(Doc. 8-3 at 25).  Ms. Barela alleges that the ALJ's finding that Ms. Barela can perform sedentary work is not supported by the evidence, contrary to law, and constitutes clear legal error (Doc. 30 at 4).  Ms. Barela argues that the ALJ failed to consider all of her limitations, such as pain, fibromyalgia and anxiety (Doc. 30 at 4-19).  She also asserts that the ALJ failed to develop the record (Doc. 30 at 19).  Ms. Barela additionally argues that the ALJ violated the treating

---

[1] Medical records dated February 23, 2010 indicate the claimant was employed full-time (Doc. 8-13 at 17). Generally, this would be contrary to a finding that the claimant is not engaged in substantial gainful activity. Because any error at step two appears to favor the claimant and is not dispositive, the Court will not consider the issue further.

physician rule (Doc. 30 at 20).

At the fourth step, the ALJ considered whether, in light of Ms. Barela's residual functional capacity, Ms. Barela could still perform her past relevant work (Doc. 8-3 at 27).  The ALJ determined that the claimant could not perform any past relevant work, which was a finding in her favor and therefore not discussed here.

At step five, the ALJ determined whether Ms. Barela could perform jobs in the national economy, given her age, education, work experience, and residual functional capacity assessment.  The ALJ found that Ms. Barela acquired work skills from past relevant work (Doc. 8-3 at 28) and included those skills in her analysis.  In part based on the Vocational Expert's testimony, the ALJ concluded that there was a job (billing clerk) that Ms. Barela could perform and therefore she was not considered disabled (Doc. 8-3 at 28).  Ms. Barela argues that the ALJ erred at step five by finding that she had acquired skills from her past relevant work (Doc. 30 at 23).

## STANDARD OF REVIEW

The Court's review of the administrative decision is both factual and legal.  The factual findings at the administrative level are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Grogan v. Barnhart, 399 F.3d 1257, 1259 (10th Cir. 2005).  Substantial evidence is less than a preponderance, Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989).

As for the review of the ALJ's legal decisions, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases."  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

## ANALYSIS

## THE ALJ'S RESIDIUAL FUNCTIONAL CAPACITY ANALYSIS IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Prior to step four, the ALJ found that Ms. Barela had the residual functional capacity "to perform sedentary work as defined in 20 CFR 404.1567(a) except that she can occasionally climb, balance, stoop, and crouch; but she can never kneel or crawl.  She can do simple and some detailed tasks, but lacks concentration to perform complex tasks" (Doc. 8-3 at 25).  Ms. Barela argues that this is an erroneous finding for several reasons.

### Failure to Consider All Limitations

Ms. Barela argues that the ALJ erred by failing to consider all of her limitations, such as pain, fibromyalgia and anxiety (Doc. 30 at 4).[2]

Pain

While a significant portion of claimant's brief is devoted to the pain issue, Ms. Barela has not pointed to any objective medical evidence that the ALJ should have but failed to consider that would have altered the analysis regarding her work-related functional limitations.  Ms. Barela cites to various binding precedent, such as Tenth Circuit case law and Social Security Rulings, but does not specifically apply the cited law to the facts to demonstrate how the ALJ violated the controlling legal principles.  Therefore, the Court does not find any factual or legal error by the ALJ.

Additionally, Ms. Barela makes contradictory statements regarding how the ALJ analyzed her pain.  She stated, "The ALJ conducts the required pain analysis herein, but in

---

[2] Ms. Barela also mentions migraine headaches (Doc. 30 at 5) and memory issues (Doc. 30 at 9), but does not fully develop these arguments, so the undersigned will limit the analysis to issues to which counsel devoted a heading and section in the brief.

focusing on the more positive or favorable statements about the claimant's pain, she reaches the incorrect conclusion that it is not a significant and disabling condition.  This conclusion is based on the few pain references appearing in the decision, rather than on the dearth of pain evidence and 'substantial evidence' in the record" (Doc. 30 at 8).  Several pages later, the claimant states, "the ALJ failed to perform a proper pain analysis" (Doc. 30 at 13), which appears to contradict the earlier statement that the ALJ conducted the required analysis.  Furthermore, it is unclear how the ALJ would find that the claimant's pain was disabling based on the "dearth of pain evidence."  Admitting that there is a dearth of pain evidence appears to favor the ALJ's conclusion that pain would not prevent the claimant from performing sedentary work.  Ms. Barela also argues that "the ALJ did fully consider Jeanette's pain and how it affects her ability to perform any work at all" (Doc. 30 at 13), which is inconsistent with arguing that the ALJ committed legal error on this same topic.  Perhaps this is merely a proofreading error, but it has left the Court confused as to Ms. Barela's position, and there does not appear to be any reason to reverse or remand on the pain issue.

  <u>Fibromyalgia</u>

  The ALJ briefly discussed Ms. Barela's May 2009 fibromyalgia diagnosis and discounted it because the medical records lacked a tender points examination (Doc. 8-3 at 26).  The ALJ reviewed the Fibromyalgia Questionnaire issued by the New Mexico Disability Determination Services (Doc. 8-11 at 31) and even though there was not any printed physician name or legible signature, the ALJ assumed (in claimant's favor) that the form was completed by the claimant's treating physician.  The form asked whether the individual completing the form had performed a tender point analysis and the question was not answered.  The medical record appears not to have any tender point analysis that would support a yes answer and Ms. Barela has not pointed to one.

Ms. Barela argues that the Social Security Ruling 12-2p [3] supports her position that the ALJ committed reversible error regarding how the ALJ analyzed Ms. Barela's fibromyalgia. However, the Social Security Ruling provides support that the ALJ was acting within the confines of the Social Security regulations by discounting the fibromyalgia records that lacked a tender point analysis. According to the Ruling, the Social Security Administration "cannot rely upon the physician's diagnosis alone. The evidence must document that the physician reviewed the person's medical history and conducted a physical exam." SSR 12-2p. Furthermore, the claimant has not pointed the Court to any treatment records that indicate that the treating physician was providing any treatment for fibromyalgia, rather than merely restating the word fibromyalgia without further detail. The Court has reviewed Ms. Barela's voluminous records from McLeod Medical Center and notes that the May 4, 2009 entry states that Ms. Barela visited the doctor's office for unemployment paperwork that needed to be filled out (Doc. 8-12 at 35), which raises the question of whether she was visiting a doctor seeking treatment for a disabling condition or merely seeking documentation to support a benefits claim. The Court does not find any error regarding the fibromyalgia diagnosis.

Anxiety

Ms. Barela complains that the ALJ failed to consider her anxiety. When she visited her treating physician in May 2009 for unemployment paperwork and had been out of work for approximately six months, Ms. Barela specifically denied to her treating physician that anxiety was a problem (Doc. 8-12 at 35). Later that same month, Ms. Barela applied for disability benefits and did not list anxiety as one of her ailments (Doc. 8-8 at 29). She visited Valencia

---

[3] This Social Security Ruling has an effective date of July 25, 2012, which is after the ALJ issued her opinion in Ms. Barela's case, so the Court is not inclined to reverse the ALJ's decision due to regulations that were not in place at the time the ALJ made her decision, absent an explanation regarding retroactive application.

Counseling Services in November 2010 and complained of depression and anxiety, and the notes indicate that what she expressed is consistent with anxiety (Doc. 8-15 at 21), however Ms. Barela has not pointed to any ongoing issue for which she sought treatment.  At the hearing, Ms. Barela alleged functional limitations related to anxiety (Doc. 8-4 at 41-43), but her disabling allegations are not corroborated in the objective medical records.  At the most, the consultative exam confirms "mixed anxiety" (Doc. 8-13 at 59) and mild limitations in her ability to understand and remember instructions, mild limitations in her ability to interact with coworkers and the public, and moderate limitations in the ability to concentrate and persist in a task (Doc. 8-13 at 60).  The ALJ's limitations account for these concerns by finding that Ms. Barela can perform "simple and some detailed tasks, but lacks concentration to perform complex tasks" (Doc. 8-3 at 25).  The undersigned does not find any error in the ALJ's treatment of alleged disabling anxiety.

**Failure to Develop the Record**

Ms. Barela asserts that the ALJ did not ask sufficient questions at the hearing with regard to her pain, fibromyalgia, anxiety, and migraine headaches, and therefore the ALJ failed to develop the record (Doc. 30 at 20), which would be reversible error.  Ms. Barela cites Madrid v. Barnhart, 447 F.3d 788 (10th Cir. 2006), in which the Tenth Circuit held that an ALJ had a duty to develop the record when a pro se claimant notified the ALJ at the hearing of available medical evidence that the ALJ could have requested.  The Tenth Circuit held that the ALJ should have developed the record by requesting the medical records; however, the precedent does not require any particular line of questioning at a hearing, especially a hearing at which the claimant is represented by counsel.  The Court is not aware of any case that requires the ALJ to ask questions of the claimant regarding specific ailments.  In Ms. Barela's case, she was represented by counsel at the hearing and the ALJ provided counsel an opportunity to question Ms. Barela

and to make a record of any relevant evidence (Doc. 8-4 at 20), which distinguishes her case from <u>Madrid v. Barnhart</u>.  As the Tenth Circuit has clearly stated regarding the duty to develop the record, "the starting place must be the presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation."  <u>Hawkins v. Chater</u>, 112 F. 3d 1162, 1167 (10th Cir. 2009).  Ms. Barela does not make clear to the Court what objective evidence – as compared to the claimant's subjective complaints – suggested a condition which had a material impact on disability.  There is not any reversible error with regard to questions asked or not asked at the hearing.

**Treating Physician Rule**

The ALJ granted significant weight to the State Agency medical consultants[4] who reviewed the medical evidence and found claimant's impairments not to be severe (Doc. 8-3 at 27).  One examiner noted that Ms. Barela did have "severe medically determinable impairments that in combination with her obesity and expected pain reduce functionality, but do not rule out all work" (Doc. 8-11 at 48).  The ALJ noted that "the opinions of non-treating, non-examining physicians . . . cannot be granted controlling weight but can be weighed and considered as those of highly qualified physicians who are experts in the evaluation of disability claims" (Doc. 8-3 at 27).  The ALJ compared these consultative opinions to the opinions on fibromyalgia questionnaire, presumably completed by the treating physician.  As discussed above, the ALJ discounted the statements made on the fibromyalgia questionnaire because of the lack of supporting documentation for a tender point physical exam to support the fibromyalgia diagnosis.

---

[4] It is helpful to the Court when the ALJ states the names and cites to the specific evaluations on which she relied, rather than vaguely referencing state agency medical consultants.

Ms. Barela contends that the ALJ violated the treating physician rule by adopting the opinion of the state agency consultative physicians rather than her treating physician's opinion (Doc. 30 at 20).  It is undisputed that an ALJ generally must give controlling weight to the claimant's treating physician.  However, an ALJ is allowed to disregard the treating physician opinion if the opinion lacks support.  Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003).  The ALJ must provide a good reason for disregarding the opinion, and here, the ALJ did provide good reasons by stating the lack of tender point analysis to support the fibromyalgia opinion.  Therefore, the ALJ did not violate the rules regarding the weight to be given to the treating physician opinion.

Ms. Barela also argues that the consultative examiner was biased (Doc. 30 at 21), but does not name the biased individual, recite any facts that support the accusation of bias, explain in whose favor the bias runs, or argue how any bias from a medical examiner affected the ALJ's ultimate decision.  Lacking further development of the allegation regarding bias, the Court will not consider the argument.

### SUBSTANTIAL EVIDENCE SUPPORTS THE FINDING THAT MS. BARELA HAS TRANSFERABLE SKILLS (Step Five)

At Step Five of the sequential analysis, the ALJ found that Ms. Barela had acquired work skills from past relevant work that were transferable to other occupations in the national economy (Doc. 8-3 at 28).  Ms. Barela argues that error occurred at this step because the Vocational Expert did not identify the particular skills that transferred and the ALJ did not ask the Vocational Expert to identify the specific skills (Doc. 30 at 24).  As the Social Security Administration brief states (Doc. 23 at 11), the hearing transcript indicates otherwise.  The ALJ asked the Vocational Expert, "what skills specifically does [she] have that transfer from the office manager job to these particular positions?" (Doc. 8-4 at 48).  The Vocational Expert

testified that she had skills with regard to the financial aspects and that would transferable to a billing clerk.[5]  As mentioned above, Ms. Barela did not file a reply brief to counter this response and the Court has not found any error at step five.

In sum, the ALJ's findings and conclusions are supported by substantial evidence and the Court recommends that Ms. Barela's Motion to Reverse and/or Remand for Rehearing (Docs. 20 & 30) be denied, and that the case be dismissed with prejudice.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

                                                      *Robert Hayes Scott*
                                                      ROBERT HAYES SCOTT
                                                      United States Magistrate Judge

---

[5] The ALJ stated in her opinion that Ms. Barela could also be an order clerk (Doc. 8-3 at 28), but the Vocational Expert eliminated that from the possibilities (Doc. 8-4 at 49).  Ms. Barela did not challenge this and the mistake appears to be harmless error because of the finding that Ms. Barela could be a billing clerk.